Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JULIE WAGGONER, an Individual,<br><br>        Plaintiff,<br><br> v.<br><br>AMERICAN MEDICAL RESPONSE NORTHWEST, INC., a corporation,<br><br>        Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $400,000.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

  COMES NOW, Plaintiff Julie Waggoner, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

### INTRODUCTION

  This case goes to the heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the controversies surrounding management of the COVID-19 pandemic and vaccine mandates. In the end, though, this case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, American

Medical Response Northwest (AMR).

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Julie Waggoner, lives in Multnomah County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 18, 2023.

2.

At all times material to this Complaint, Plaintiff was a resident of Multnomah County, Oregon.

3.

At all times material to this Complaint, Defendant American Medical Response was regularly conducting business in the State of Oregon, specifically in Portland, Oregon.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff began working for American Medical Response in 2001 as a billing specialist and then moved into the dispatch center, where she held the titles of Controller and Call Taker. As a Controller, Plaintiff dispatched non-emergency ambulance calls and wheelchair vans to help assist patients and clients discharged from hospitals, as well as going to/from dialysis centers or doctor visits. As a Call Taker, Plaintiff answered and processed a variety of phone calls, including non-emergency calls and triaging emergency calls, and assisted with training new hires. She took great

pride in her job, in helping people, and in her positive interactions with coworkers and management.

6.

Plaintiff is also a devoutly religious individual who adheres to principles of a Christian faith and is dedicated to following the tenets of her faith to the best of her ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities.

9.

Plaintiff was exposed to the harsh realities of the pandemic on a day-to-day basis, including the risk that she may become infected with the virus. Despite the risks, Plaintiff continued to provide an exceptional quality of work for Defendant. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her colleagues. Plaintiff did so with little thought to herself because of her dedication to her work.

10.

For eighteen months, Plaintiff scrupulously followed all rules and regulations to protect against infection, which included the wearing of personal protective equipment (PPE), hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

12.

In the summer of 2021, Defendant announced it would be implementing and enforcing a COVID-19 vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict with the vaccine and/or to the taking of the vaccine could apply for religious exceptions. As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body per her interpretation of her faith in God and the Bible. Plaintiff also believes that life begins at conception and because the COVID-19 vaccines were either tested on, or manufactured with aborted fetal cells, she could not in good conscience take one. Plaintiff's belief dictated that taking the COVID-19 vaccine could harm her spiritually, physically, and mentally. On or about September 19, 2021, Plaintiff filed the formal paperwork for a religious exception and anticipated it would be granted.

13.

Although Plaintiff's requested religious exemption was accepted, the accommodations given were unacceptable to Plaintiff. She was asked to sign a document stating that she would adhere to the accommodations. Plaintiff was asked to wear an N95 mask (rather than a cloth or surgical mask), to undergo unreimbursed COVID-19 testing once weekly, and to eat and drink outside of AMR facilities. Plaintiff believed that she, and her unvaccinated coworkers, were being singled out and discriminated against, as the vaccinated staff were not required to comply with these accommodations. Plaintiff was placed on unpaid leave on October 18, 2021, and terminated on or about November 22, 2021.

14.

At the time she was fired, Plaintiff had been planning to retire within five years; her termination ended a twenty-year career with the company. The termination of Plaintiff's pay and retirement benefits has had a significantly negative impact on her life. Prior to her termination, Plaintiff was earning approximately $31.84 hourly, plus benefits including retirement match, for an annual salary of approximately $81,342.00. Had Plaintiff continued working, union wage

increases would have greatly increased this amount. Plaintiff was unable to obtain employment for seven months, when she tried to work in the restaurant business, but quickly realized it was not a good fit for her. Plaintiff's career with AMR was very rewarding and where her heart remains. It has been incredibly difficult to try and go from one profession to another at this stage in her life. Plaintiff has suffered mental, emotional and physical distress, including tremendous stress, causing insomnia, headaches and muscle tension, fear, and increased anxiety.

15.

The Defendant has yet to explain why, in its view, after a year of being able to work without incident during the pandemic, Plaintiff's unvaccinated status suddenly created an unacceptable health and safety risk necessitating her being placed on unpaid administrative leave, and then terminated.

16.

The Defendant's adverse employment actions against Plaintiff were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory against Plaintiff based on her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

17.

Because of the Defendant's unlawful adverse employment actions against Plaintiff, Plaintiff has suffered economic loss and emotional distress.

18.

**FIRST CLAIM FOR RELIEF**
**(Unlawful Employment Discrimination Based on Religion**
**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

19.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

20.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

21.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with cloth masks, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

22.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff being placed on unpaid administrative leave, and then terminated. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful effective termination.

23.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff incurred economic and non-economic damages of no less than $400,000.00, or an amount to be determined at trial for wage and benefit loss, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

24.

**SECOND CLAIM FOR RELIEF**

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

25.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

26.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

27.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with masking, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

28.

Instead of finding reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in placing Plaintiff on unpaid administrative leave, then termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

29.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial for economic and non-economic damages of no less than $400,000.00, or in an amount to be determined at trial for lost wages, lost benefits, emotional

distress, anguish, and mental distress. Plaintiff also seeks punitive damages and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 16th day of October, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff